IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-106-H

UNITED STATES OF AMERICA )
)
)
)
v. ) **ORDER**
)
)
)
JOHNNY EDWARD BYRD, JR., )
    Defendant. )

On May 7, 2010, defendant Johnny Edward Byrd, Jr., pled guilty to, inter alia, counts one and two of the indictment, charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] Defendant now moves to withdraw his guilty plea as to counts one and two, arguing he is actually innocent of those offenses because he has not previously been convicted of an offense "punishable by a term of imprisonment exceeding one year" under North Carolina law. Specifically, defendant contends that Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) requires the court to determine the maximum sentence he (as opposed to a hypothetical defendant) could have received in determining whether he has previously

---

[1] Defendant also pled guilty to knowingly using, carrying and possessing firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count three) and possession with intent to distribute cocaine, cocaine base, ecstacy and marijuana in violation of 21 U.S.C. § 841(a)(1) (count four).

been convicted of an offense "punishable by a term of imprisonment exceeding one year."

At the time defendant pled guilty, Fourth Circuit precedent foreclosed this argument. See United States v. Harp, 406 F.3d 242 (2005) (holding that the maximum aggravated sentence that could be imposed upon a defendant with the worst possible criminal history is used to determine whether a conviction is for a crime punishable by a prison term exceeding one year under North Carolina law), overruled by United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc). In United States v. Simmons, 635 F.3d 140, 146-47 (2011), vacated & reh'g granted, No. 08-4475 (4th Cir. Mar. 18, 2011), a panel of the Fourth Circuit reaffirmed its decision in Harp, rejecting the argument that Carachuri had overruled Harp.

After defendant entered his guilty plea but before sentencing, the Fourth Circuit vacated the panel decision in Simmons and granted rehearing en banc. Simmons, No. 08-4475 (4th Cir. Mar. 18, 2011). On August 17, 2011, the Fourth Circuit issued an en banc decision overruling Harp. United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc).

To assist the court in its decisional process, the court hereby directs the government to inform the court, on or before September 21, 2011, of its position as to the impact on this

2

case of the Fourth Circuit's recent en banc decision in <u>Simmons</u>. Defendant may provide a written response to the government's filing on or before September 28, 2011.

This 7th day of September 2011.

/s/ Malcolm J. Howard
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31